# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 762 | **DATE** | October 10, 2001 |
| **CASE TITLE** | General Electric v. Phil Smith, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss Count III of the Amended Complaint [20-1] is granted. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | number of notices | |
| | No notices required. | | | | | |
| x | Notices MAILED by judge's staff. | | | | OCT 1 1 2001 | |
| | Notified counsel by telephone. | | | | date docketed | |
| | Docketing to mail notices. | | | | | 39 |
| | Mail AO 450 form. | | | | docketing deputy initials | |
| | Copy to _____ | | | | 10/10/01 | |
| KAM | courtroom deputy's initials | | DOCKETING  01 OCT 10 PH 4: 37 | | date mailed notice  KAM  mailing deputy initials | |
| | | | Date/time received in central Clerk's Office | | | |
| | | | (Reserved for use by the Court) | | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GENERAL ELECTRIC CAPITAL AUTO      )
FINANCIAL SERVICES, INC., a        )
Delaware corporation,              )
                                   )
      Plaintiff ,                 )
                                   )
      v.                          )    No. 00 C 762
                                   )
PHIL SMITH CHRYSLER PLYMOUTH       )
JEEP EAGLE, a Florida corporation, )
                                   )
      Defendant.                  )

**DOCKETED**

OCT 1 1 2001

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss Count III of the Amended Complaint.  For the reasons explained below, the motion is granted.

### BACKGROUND

The relevant facts of this case were described in our earlier memorandum opinion denying defendant's motion to dismiss or to transfer the action.  They are as follows:

> In November, 1996, plaintiff General Electric Capital Auto Financial Services, Inc. ("G.E. Auto"), a Delaware corporation, headquartered in Barrington, Illinois, entered into a Dealer Lease Plan Agreement with defendant Phil Smith Chrysler Jeep Eagle ("Phil Smith"), a Florida corporation with its principal place of business in Homestead, Florida.

> The following facts are undisputed.  Pursuant to the parties' agreement, Phil Smith leased vehicles to customers, then sold the vehicles and assigned the leases to G.E. Auto.  Phil Smith would complete all necessary

paperwork for the lease and the sale and send that
paperwork to G.E. Auto. Originally the documentation was
sent to G.E. Auto's regional facility in Charlotte, North
Carolina. In June, 1998, the Charlotte facility was
closed, so Phil Smith began submitting the materials to
G.E. Auto's Barrington facility. According to plaintiff,
50 lease packages were submitted to the Barrington
facility in June, 1997. Another 74 packages were
submitted to that facility in July and August, 1998. For
transactions executed during this time period, G.E. Auto
sent checks to Phil Smith (in Florida) from Illinois
totaling $1,257,502, $1,104,294 and $685,032,
respectively.

Plaintiff alleges that beginning in around July, 1997,
Phil Smith engaged in a scheme to send fraudulent
documentation to G.E. Auto in connection with the lease
and sale. The fraudulent scheme worked as follows: Phil
Smith created dummy invoices for the vehicles, in which
it increased the manufacturer's suggested retail price
("MSRP"). Phil Smith used the inflated MSRP to set an
equally inflated "residual value," which is a projection
of the value of the vehicle at lease end.

The monthly lease payment is a function of two factors:
depreciation and the lease charge. Depreciation is
calculated based upon the difference between the
capitalized cost of a vehicle and its residual value. By
overstating the residual value, Phil Smith was able to
decrease the depreciation component and thereby deflate
the monthly lease payment. As a result, G.E. Auto, at
lease term, would own a vehicle worth significantly less
than its purported residual value. G.E. Auto claims to
have discovered the fraud in late August, 1998.

Invoking diversity jurisdiction, plaintiff filed this
suit against Phil Smith in February, 2000, alleging
breach of contract and fraud.

Memorandum Opinion (September 29, 2000).

On July 18, 2001, G.E. Auto amended its complaint to add Count
III, a claim for violation of the Illinois Consumer Fraud and
Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (the
"Consumer Fraud Act" or "Act"). The Amended Complaint explains

that "[t]he fraud had the potential to injure the lessee consumers" because consumers choosing to terminate the lease before its scheduled termination date would have to pay an increased early termination fee as a result of the falsely overstated residual value of the vehicle. (Amended Complaint, ¶ 26.) Phil Smith now moves to dismiss the Consumer Fraud Act claim.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996).

Phil Smith argues that G.E. Auto fails to state a claim under the Consumer Fraud Act because it does not allege that the

purported fraudulent trade practices affecting consumers were conducted in Illinois or that such practices affected Illinois consumers, as required by Illinois law. The Act prohibits the use of unfair or deceptive acts or practices "in the conduct of any trade or commerce." 815 ILCS 505/2. The Act defines "trade" and commerce" as follows:

> The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include <u>any trade or commerce directly or indirectly affecting the people of this State.</u>

815 ILCS 505/1(f) (emphasis added). Courts have interpreted the language of this provision to require an effect on Illinois consumers.[1] See <u>Oliveira v. Amoco Oil Co.</u>, 311 Ill. App. 3d 886, 896-99, 726 N.E.2d 51, 60-62 (4th Dist. 2000); <u>Continental X-Ray Corp. v. XRE Corp.</u>, No. 93 C 3522, 1995 WL 599064, at *2-3 (N.D. Ill. Oct. 2, 1995); <u>Swartz v. Schaub</u>, 818 F. Supp. 1214 (N.D. Ill. 1993); <u>Seaboard Seed Co. v. Bemis Co.</u>, 632 F. Supp. 1133, 1140 (N.D. Ill. 1986). In <u>Oliveira</u>, the Illinois Appellate Court stated that the purpose of the Act is to "protect[] Illinois consumers" and therefore required the plaintiff to allege "trade or commerce

---

[1] The Illinois Supreme Court has not ruled specifically on the issue of whether the Act protects non-Illinois consumers, and there is a split in the federal district court case law on this question. We believe that this is the better approach, given the Illinois Appellate Court's holding in <u>Oliveira</u> and for the reasons discussed in <u>Oliveira</u>.

affecting Illinois consumers" to claim protection under the Act. 311 Ill. App. 3d at 897÷98, 726 N.E.2d at 61.

Phil Smith states that "[v]irtually every one of the[] lessees is either a Florida resident or, at the time he or she leased the automobile, was a resident of the state of Florida," and points out that the leases were negotiated and executed in Florida between Phil Smith and the lessees. (Defendant's Motion to Dismiss at 3.) Thus, argues Phil Smith, Count III fails to state a claim under the Consumer Fraud Act because there are no allegations that Illinois consumers were affected by Phil Smith's conduct or that the conduct occurred in Illinois.

We agree with defendant. There are no indications in the Amended Complaint that Illinois consumers were affected by the alleged conduct. The conduct as a whole has some connection to Illinois in that the leases were eventually assigned to G.E. Auto and the false documentation allegedly submitted to G.E. Auto in Illinois, but the conduct relevant to consumers occurred in Florida and affected Florida, not Illinois, consumers.

G.E. Auto argues that there is a "more than ample Illinois nexus" here because G.E. Auto is located in Illinois, but that is not the issue. The question is whether G.E. Auto has alleged trade or commerce affecting Illinois consumers, and the answer is no. Accordingly, it cannot invoke the protection of the Consumer Fraud

Act.   Because of this holding, we need not address defendant's other argument in support of its motion.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted.   Count III of the Amended Complaint is dismissed with prejudice.

DATE:        October 10, 2001


ENTER:

_____

John F. Grady, United States District Judge